THE STATE EX REL. FIRST NATIONAL SUPERMARKETS, INC., APPELLEE,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. First Natl. Supermarkets, Inc.
v. Indus. Comm.* (1996), 74 Ohio St.3d 673.]

(No. 94–1418—Submitted January 9, 1996—Decided March 1, 1996.)

674

*Greiner, Carolin & Spector* and *Thomas M. Carolin,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellants.

---

*Per Curiam.* FNS did not file a cross-appeal with respect to the lower court's denial of reimbursement for expenditures made after FNS's January 1, 1990 opt-out. Only one question is, therefore, presented: Was the court of appeals correct in finding FNS eligible for reimbursement of expenditures made prior to opt-out even though the applications for reimbursement were not made until after FNS had left the handicap program? For the reasons to follow, we agree with the decision of the court of appeals.

The commission's denial of reimbursement is premised on *State ex rel. First Natl. Supermarkets, Inc. v. Indus. Comm.* (1994), 70 Ohio St.3d 582, 639 N.E.2d 1185. That decision, however, involved the employer's request for reimbursement for expenditures arising *after* opt-out. In this case, FNS seeks reimbursement for outlays made *before* opt-out—when the employer was still actively participating in the handicap reimbursement program. Accordingly, the earlier decision does not control and does not bar reimbursement for FNS's preopt-out expenses.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.