[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 673.]

THE STATE EX REL. FIRST NATIONAL SUPERMARKETS, INC., APPELLEE, *v.*

INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. First Natl. Supermarkets, Inc. v. Indus. Comm.*,

**1996-Ohio-149.**]

*Workers' compensation—Handicap reimbursement for temporary total disability*
*compensation—Request for reimbursement made after company opts out*
*of program for outlays made before the opt-out date—Industrial*
*Commission abuses its discretion in denying reimbursement.*

(No. 94-1418—Submitted January 9, 1996—Decided March 1, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD08-1203.

_____

{¶ 1} Appellee, First National Supermarkets, Inc. ("FNS"), is a self-insured
employer. In 1983, an FNS worker, who was a handicapped worker within the
meaning of R.C. 4123.343, sustained an industrial injury. FNS, in turn, filed for
handicap reimbursement for the compensation and benefits paid as a result. A
seventy-percent reimbursement was granted by appellant Industrial Commission of
Ohio.

{¶ 2} Effective August 22, 1986, statutory amendments to R.C. 4123.343
significantly changed the handicap reimbursement system. Am. Sub. S.B. No. 307,
141 Ohio Laws, Part I, 718. One of these changes afforded, for the first time, an
opportunity for self-insured employers to opt out of the handicap reimbursement
program. R.C. 4123.343(G), 141 Ohio Laws, Part I, 745.

{¶ 3} On November 22, 1989, appellant Administrator, Ohio Bureau of
Workers' Compensation, wrote to FNS and stated:

"Our records indicate that your company has not executed an election to
withdraw from the handicap reimbursement program. If you would like to

withdraw from the handicap reimbursement program, effective January 1, 1990, please complete the election form appended *** no later than December 31, 1989. *** Please be advised that these elections to withdraw are irrevocable. Any claim payments you make through December 31, 1989, that are eligible for handicap reimbursement, must be submitted on C-174[s] and must also be received by December 31, 1989. ***"

{¶ 4} By a form dated December 19, 1989, FNS informed the bureau that it was withdrawing from the program effective January 1, 1990.

{¶ 5} In November 1990 and again in July 1991, FNS submitted to the bureau C-174 "Self-Insured Semi-Annual Report of Claim Payments" forms that sought handicap reimbursement for temporary total disability compensation paid from March 31, 1989 through December 7, 1990. The commission denied reimbursement.

{¶ 6} FNS filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying reimbursement. The appellate court found that FNS could not be reimbursed for expenditures made after the opt-out date. FNS was, however, entitled to reimbursement for expenditures made while FNS was participating in the program. The court wrote:

"We acknowledge that the commission informed self-insured employers who opted out that the employers needed to file applications for reimbursement prior to the opt-out date or lose the right to reimbursement. However, we are unwilling to make a company's right to reimbursement contingent solely on the date the paperwork is received by the commission."

{¶ 7} This cause is now before this court upon an appeal as of right.

_____

*Greiner, Carolin & Spector* and *Thomas M. Carolin*, for appellee.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellants.

———————————

***Per Curiam.***

{¶ 8} FNS did not file a cross-appeal with respect to the lower court's denial of reimbursement for expenditures made after FNS's January 1, 1990 opt-out. Only one question is, therefore, presented: Was the court of appeals correct in finding FNS eligible for reimbursement of expenditures made prior to opt-out even though the applications for reimbursement were not made until after FNS had left the handicap program? For the reasons to follow, we agree with the decision of the court of appeals.

{¶ 9} The commission's denial of reimbursement is premised on *State ex rel. First Natl. Supermarkets, Inc. v. Indus. Comm.* (1994), 70 Ohio St.3d 582, 639 N.E.2d 1185. That decision, however, involved the employer's request for reimbursement for expenditures arising *after* opt-out. In this case, FNS seeks reimbursement for outlays made *before* opt-out--when the employer was still actively participating in the handicap reimbursement program. Accordingly, the earlier decision does not control and does not bar reimbursement for FNS's preopt-out expenses.

{¶ 10} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————